**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION**

AMP ENTERTAINMENT LLC,

     Plaintiff,

v.

BALLER LEAGUE GMBH,

     Defendant.

Civil Action No. 1:26cv23227

JURY TRIAL DEMANDED

**PLAINTIFF AMP ENTERTAINMENT LLC'S COMPLAINT AGAINST
DEFENDANT BALLER LEAGUE GMBH**

Plaintiff AMP Entertainment LLC ("Plaintiff" or "AMP") files this Complaint against Defendant Baller League GmbH ("Defendant" or "Baller League"), and alleges as follows:

**NATURE OF THE CASE**

1.     Plaintiff AMP and Defendant Baller League entered into a Participation Agreement dated February 17, 2025 (the "Agreement"), whereby Baller League agreed to provide AMP's executives and owner-members certain remuneration and travel accommodations to in connection with their participation in Baller League matches during the 2026 season in Miami. Specifically, Section 2(2) of the Agreement ("Remuneration and Travel Expenses") requires Baller League to "provide a six (6)-bedroom waterfront house, subject to AMP's prior written approval, located in Miami during the season for AMP." Baller League failed to comply with this express requirement and failed to make a required installment payment. As a result, AMP incurred additional costs, burdens, and logistical inefficiencies, including extended travel time to and from Miami to participate in performing its obligations under the Agreement, that represent direct and foreseeable damages resulting from Baller League's noncompliance.

## PARTIES, JURISDICTION, AND VENUE

2.      Plaintiff, AMP, is a Georgia limited liability company, authorized to do business in Florida.  AMP can be served process through the undersigned counsel.

3.      Defendant, Baller League is a German for-profit corporation with its principal office located at Kastanienallee 6, 10435 Berlin, Germany.  Defendant does not have a registered agent in the State of Floirda and can therefore be served process through its managing director, Felix Starck.  FLA. STAT. § 48.081 (3)(a).  Plaintiff requests issuance of summons for Baller League GmbH.

4.      This Court has subject matter jurisdiction of the case pursuant to 28 U.S.C. § 1332 and personal jurisdiction because Defendant is subject to the jurisdiction of a court of general jurisdiction in the state of Florida, where the district court is located.  FED. R. CIV. P. 4(k)(1)(A).

5.      Venue of this action is proper in this Court pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claim occurred in Miami-Dade County.

## FACTUAL BACKGROUND

6.      Defendant is building a small-sided soccer league with alternative and modern rules and known as the Baller League.  Defendant intends for the Baller League to be a high-reach platform for talented soccer players.  Participating teams are managed by the most high-reach and/or interesting personalities from online, sport, TV, music and lifestyle, the so-called "Team Managers," which is expected to generate extensive media coverage.

7.      AMP is a production company owned by a well-known group of content streamers who contracted with Defendant to act individually and collectively as a Team Manager for Any Means United.  When the Agreement was executed AMP's members operated channels on X

(formerly Twitter; 825.2 thousand followers), TikTok (1 million followers), and Instagram (1.3 million followers) under the name "AMP."

8.      AMP and Defendant entered into the Agreement dated February 17, 2025 (the "Agreement"), whereby Defendant agreed to provide AMP's executives and owner-members certain remuneration and travel accommodations to in connection with their participation in Baller League matches during the 2026 season in Miami.  A true and correct copy of the Agreement is attached as **Exhibit A**.

9.      Specifically, Section 2(2) of the Agreement ("Remuneration and Travel Expenses") requires Defendant to "provide a six (6)-bedroom waterfront house, subject to AMP's prior written approval, located in Miami during the season for AMP."  Defendant failed to comply with this express requirement.  Instead of providing housing accommodations in Miami for the entire three-month season, as contractually mandated, Defendant arranged for lodging in Fort Lauderdale for thirteen days.  As a direct and foreseeable result of this noncompliance, AMP incurred additional costs, burdens, and logistical inefficiencies, including extended travel time to and from Miami to participate in Baller League matches.

10.      AMP also incurred pre-production expenses, including $16,836.00 to secure a yacht docked in Miami, in reliance on Defendant's obligations under the Agreement.  As a result of Defendant's deviation from the Agreement, AMP has incurred an additional $16,442.00 to procure a second vessel.  AMP also incurred additional $2,206 in expenses associated with coordinating and transporting production staff and support personnel necessary to relocate to the new location.

11.      On or about March 18, 2026, AMP notified Defendant of its breach and demanded Defendant cure its clear breach of the Agreement.  Defendant refused to even attempt to cure.  Consequently, AMP temporarily agreed use of the Fort Lauderdale accommodations solely as a

mitigation measure, reserving all rights, claims, or remedies available to AMP under the Agreement or applicable law for Defendant's noncompliance.

12.     In addition to failing to provide appropriate accommodations, Defendant also failed to make all the required payments to AMP.  The Agreement required Defendant to pay AMP $1,500,000.00 as compensation for AMP's participation in the 2025 inaugural season of Baller League (the "Fee").  The Agreement required Defendant pay the Fee on the following schedule:

    a. $800,000.00 by February 15, 2025 or 5 days before announcement of AMP's involvement in the league, whichever is sooner;

    b. $300,000.00 immediately after the first United States Baller League match; and

    c. $400,000.00 at the last obligated appearance of AMP, but not later than upon the last United States Baller League match day.

13.     Defendant made the first payment of $800,000.00, but failed to make the second payment of $300,000.00, which was due after the first match day, March 19, 2026.  As of the filing of this lawsuit, the third payment has not come due.  However, it will be due during the course of this lawsuit and will be added to AMP's damages, if Defendant fails to make the payment.

14.     All conditions precedent to bringing this action have been performed, occurred, or waived.

**COUNT I**
**BREACH OF CONTRACT**

15.     AMP repeats and realleges the preceding Paragraphs set forth above as if fully set forth herein.

16.     AMP and Defendant have a valid and binding Agreement, which was executed by Defendant, through its Managing Director, Felix Starck on May 2, 2025.

17.     Defendant materially breached, and continues to breach, the Agreement by failing to pay the remaining Fee and by failing to provide the required Remuneration and Travel Expenses.

18.     As a direct and proximate result of Defendant's material breach of the Agreement, AMP has suffered damages in an amount to be proven at trial, but no less than $500,000.00.

## DAMAGES

19.     Plaintiff repeats and realleges the preceding Paragraphs set forth above as if fully set forth herein.

20.     Defendant currently owes AMP $300,000.00 for the missed second payment, $16,836 for the first vessel, $16,442.00 paid to secure a second vessel, and  $2,060 in consequential damages associated with coordinating and transporting production staff and support personnel

21.     On information and belief, the difference in value of the accommodations promised by Defendant and the accommodations provided by Defendant equals approximately $250,000.

22.     AMP will further show that it is entitled to recover its reasonable attorneys' fees under FLA. STAT. § 57.105.  Plaintiff therefore requests that this Court grant judgment determining that Plaintiff recover from Defendant his expenses of this litigation, including attorney's fees, pursuant to FLA. STAT. § 57.105, *et. seq.*

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that:

a.     Plaintiff be awarded judgment against Defendant for the actual damages incurred by Plaintiff as a result of Defendant's material breach of the Agreement;

b.     Plaintiff recover from Defendant its expenses of this litigation, including attorney's fees;

c.     Plaintiff be awarded prejudgment and post-judgment interest at the maximum rates allowed by law; and

d.     Plaintiff have such other and further relief against Defendant to which it is entitled.

Respectfully submitted May 7, 2026.

Respectfully submitted,

**CLARK HILL PLC**
2301 Broadway Street
San Antonio, Texas 78215
Telephone: (210) 250-6000
Facsimile: (210) 250-6100

By: */s/ Frank Scaglione*
     **FRANK SCAGLIONE, ESQ.**
     State Bar No. 1015929
     FScaglione@ClarkHill.com

*Counsel for Plaintiff*